**Alicia CHAVARIN–CARRILLO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–70887.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 18, 2009.

Jaime Jasso, Esquire, Westlake Village, CA, for Petitioner.

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Edward C. Durant, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Alicia Chavarin–Carrillo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence, *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir.2006), and we review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Chavarin–Carrillo did not meet the continuous physical presence requirement where she testified she entered the United States on May 27, 1987, and the Notice to Appear was served on May 19, 1997. *See Ibarra–Flores*, 439 F.3d at 617–18.

Contrary to Chavarin–Carrillo's contention that the IJ violated due process, the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

proceedings were not "so fundamentally unfair that [Chavarin–Carrillo] was prevented from reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted). Moreover, Chavarin–Carrillo failed to demonstrate that additional testimony would have affected the outcome of the proceedings.

*See id.* (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**